UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>**NOT FOR PUBLICATION**</u>

CHARLES HARRIS, *et al*., individually and on
behalf of all others similarly situated,

<u>**MEMORANDUM AND ORDER**</u>

Plaintiffs,

– against –

19-cv-2249 (ERK) (RER)

MONDELĒZ GLOBAL LLC,

Defendant.

KORMAN, *J.*:

Purchasers of Oreo cookies allege that the manufacturer has misleadingly stated on the front packaging label that the cookies are "Always Made With Real Cocoa," even though the cocoa has been refined through an alkalizing process. Second Am. Compl. ("SAC") ¶¶ 88–89, ECF No. 18.  Plaintiffs claim that the addition of alkali diminishes the quality and taste of the cocoa and that a reasonable consumer would understand "real cocoa" to refer to cocoa in an "unadulterated, non-artificially processed form."  *Id.* ¶¶ 48, 64, 89.  Plaintiffs further allege that Oreos are sold at a price premium as a result of this misleading representation.  *Id.* ¶ 90.

## BACKGROUND

Plaintiffs are consumers from twelve states who purchased Defendant's well-known Oreo cookies.[1]  SAC ¶¶ 96–109.  Plaintiffs allege that they were misled by

---

[1] Plaintiffs are citizens of California, Colorado, Connecticut, Florida, Idaho, Illinois, Massachusetts, New Jersey, New York, Texas, Virginia, and Washington State.

the representation on the Oreos' front label that the cookies are "Always Made With Real Cocoa." *Id.* ¶¶ 4–5. Specifically, they claim that this text is misleading because the cocoa used in the cookies is "highly processed and modified" with alkali. *Id.* ¶ 6. In Plaintiffs' view, Defendant's failure to caveat that the cocoa is processed with alkali is misleading to a reasonable consumer. Rather, they allege that reasonable consumers "expect 'real cocoa' to be a quality of cocoa that is not processed with alkali." *Id.* ¶ 88.

As Plaintiffs explain, cocoa powder can be mixed with alkali ingredients to make the cocoa less acidic, which makes the taste of the cocoa milder. *Id.* ¶¶ 43, 47–49. Plaintiffs claim that "[t]he representation 'real cocoa' is false, deceptive and misleading because consumers expect 'real cocoa' to indicate a higher quality cocoa than had the ingredient merely been accurately identified as 'cocoa,' (minus the descriptor 'real')." *Id.* ¶ 12. Additionally, they allege that unalkalized cocoa is commercially available and has certain health benefits. *Id.* ¶¶ 50–74.

Plaintiffs assert claims under statutes from forty states and the District of Columbia prohibiting deceptive or misleading business practices, as well as a claim for unjust enrichment.[2] Plaintiffs have withdrawn their claims for fraud, negligent

---

[2] Plaintiffs do not allege claims under the consumer protection statutes of Arizona, Indiana, Iowa, Maryland, North Carolina, Pennsylvania, Texas, Utah, Virginia, or Wyoming. SAC ¶ 122.

misrepresentation, and breach of warranty.  Pls.' Br. 15, ECF No. 25-3.  They seek damages and injunctive relief on behalf of a putative nationwide class and on behalf of subclasses for the states of each named plaintiff.  I have jurisdiction over this putative class action under 28 U.S.C. § 1332(d) because there is minimal diversity among the parties and the amount in controversy exceeds $5 million.[3]

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), I "constru[e] the complaint liberally, accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In addition to the facts alleged in the SAC, I may also consider documents that Plaintiffs have incorporated by reference.  *Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020).

---

[3] Plaintiffs allege that Defendant is a Delaware limited liability company with co-principal places of business in Illinois and New Jersey. SAC ¶ 110. Because this is a putative class action, Defendant is considered a citizen only of Delaware, Illinois, and New Jersey.  *Claridge v. N. Am. Power & Gas, LLC*, 2015 WL 5155934, at *1–2 (S.D.N.Y. Sept. 2, 2015) (citing 28 U.S.C. § 1332(d)(10)).

## DISCUSSION

## I.   <u>The Challenged Statement Is Not Misleading</u>

Although Plaintiffs allege violations of consumer protection statutes from forty states and the District of Columbia, the parties agree that the critical issue for resolving this motion is whether a reasonable consumer would be misled by Defendant's statement that its Oreos are "Always Made With Real Cocoa."  *See* Def.'s Br. 11, ECF No. 25-1; Pls.' Br. 12–13; *see also Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (applying New York and California law); *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 920 (N.D. Ill. 2017) (noting that, while states' consumer protection laws "differ in certain particulars, all share a common requirement: to state a claim, a plaintiff must allege conduct that plausibly could deceive a reasonable consumer").[4]  "It is well settled that a court may determine as a matter of law that an allegedly deceptive

---

[4] *In re 100% Grated Parmesan Cheese* analyzed the consumer protection statutes of most of the states in which the named Plaintiffs bring claims here. The reasonable consumer standard also applies to the remaining statutes under which the named plaintiffs bring claims. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 416 F.3d 1143, 1148–49 (10th Cir. 2005) (Colorado law); *Tomasella v. Nestlé USA, Inc.*, 962 F.3d 60, 71 (1st Cir. 2020) (Massachusetts law); *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 895 (Wash. 2009) (Washington law); *see also* IDAHO ADMIN. CODE r. 04.02.01.030 (2019) ("It is an unfair and deceptive act or practice for a seller to make any claim or representation concerning goods or services which directly, or by implication, has the capacity, tendency, or effect of deceiving or misleading a consumer acting reasonably under the circumstances.").

advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741.

Plaintiffs do not dispute that the challenged products are in fact made with cocoa, which is fatal to their case. SAC ¶¶ 43–49 (describing the alkalization process applied to cocoa powder). Instead, they argue that reasonable consumers are misled by the claim that the cookies are made with "real" cocoa and therefore would not expect that the cocoa has been "adulterated, processed with alkali, or modified from its real nature." *Id.* ¶ 87; Pls.' Br. 15. Plaintiffs rely on *Mantikas v. Kellogg Co.*, but that case does not resolve this one. 910 F.3d 633 (2d Cir. 2018). *Mantikas* held that purchasers of Cheez-Its had adequately alleged that the phrase "Made With Whole Grain" was misleading, because it falsely implied that there was more whole grain than white flour in the crackers. *Id.* at 638. Indeed, *Mantikas* distinguished cases in which consumers could not reasonably have believed that the advertised ingredient was the primary one, such as that cookies were made with "real fruit." *Id.* (citing *Manchouk v. Mondelez Int'l, Inc.*, 2013 WL 5400285, at *2 (N.D. Cal. Sept. 26, 2013)).

Courts following *Mantikas* have reaffirmed that a representation that a food is "made with" a "real" ingredient does not necessarily mislead from the truth that the advertised ingredient may have been combined with another. As Judge Ross and Judge Garaufis have explained in cases involving mashed potatoes packaged with

the label "Made with Real Butter," "it is not plausible that a reasonable consumer would likely interpret the 'real butter' representation to imply that the Mashed Potatoes did not also contain additional fats." *Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020); *see also Reyes v. Crystal Farms Refrigerated Distrib. Co.*, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (phrase was not materially misleading merely because the package contained butter *and* margarine). Or as Judge Bulsara explained in recommending the dismissal of a claim regarding graham crackers, "[s]tating the grahams are 'made with real honey' is a factually true statement about the product" that "does not foreclose the use of other sweeteners" so as to "make the representation deceptive." *Kennedy v. Mondelez Global LLC*, 2020 WL 4006197, at *12 (E.D.N.Y. July 10, 2020).[5]

Similarly here, it is not misleading for Defendant to represent that its Oreos are made with "real" cocoa when they in fact contain cocoa. The crux of Plaintiffs' claim is not that the label misrepresents the quantity or proportion of cocoa; they allege that the cocoa it contains is not "real" in light of the application of alkali. SAC ¶¶ 6, 12. Unlike *Mantikas*, Plaintiffs do not allege, for example, that the amount of cocoa is *de minimis* relative to the amount of alkali. Plaintiffs' claims are trained on

---

[5] *See also Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 335 (E.D.N.Y. 2018) (concluding that an accurate statement that a juice was "cold-pressed" "does not cease to be a truthful moniker . . . simply because there were subsequent steps in the juice's production process"); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 341 (E.D.N.Y. 2018) (same).

whether the product contains cocoa that is real, and the Oreos indisputably do contain cocoa, along with other ingredients. "There is no 'only' or 'exclusively' modifier before" the phrase "real cocoa." *Campbell*, 322 F. Supp. 3d at 341. In that context, "[r]easonable consumers would not expect, upon learning that the [Oreos] contain [cocoa], that the [cocoa] is present in a particular form or not mixed with other ingredients." *Kennedy*, 2020 WL 4006197, at *13.

Accordingly, I dismiss Plaintiffs' claims for failure to allege a statement that would mislead a reasonable consumer.

## II.    **Plaintiffs' Unjust Enrichment Claim Fails For the Same Reason**

Because Plaintiffs' unjust enrichment claim is premised on the same theory of misrepresentation I have rejected, that claim likewise fails. This claim is pleaded in a single sentence alleging that Defendant was unjustly enriched "because the Products were not as represented and expected[.]" SAC ¶ 179. "Where a deceptive trade practices claim fails for failure to allege deception, an unjust enrichment claim fails, too." *Kennedy*, 2020 WL 4006197, at *15 (citing *Axon v. Florida's Natural Growers, Inc.*, 2020 WL 2787627, at *3 (2d Cir. May 29, 2020)).

## III.   **Plaintiffs' Leave to Amend**

Plaintiffs request leave to amend in the event Defendant's motion is granted, but offer no explanation of what new allegations might be added. "A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the

7

pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Because Plaintiffs' "substantive problem could not be cured through better pleadings," I deny leave to amend as futile. *Morales v. N.Y. City Dep't of Educ.*, 808 F. App'x 35, 38 (2d Cir. 2020) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see Melendez v. ONE Brands, LLC*, 2020 WL 1283793, at *9 (E.D.N.Y. Mar. 16, 2020) (denying leave to amend where no reasonable consumer could have been misled by the challenged statement).

## CONCLUSION

Defendant's motion to dismiss is granted with prejudice.[6]

**SO ORDERED.**

Brooklyn, New York
July 28, 2020

*Edward R. Korman*
Edward R. Korman
United States District Judge

---

[6] Defendant's request for judicial notice is denied as moot. ECF No. 25-2.